UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNUM PROPERTY INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL C. PFEIFFER and DOES 1-10,<br><br>Defendant. | Case No.: 18-CV-02855<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO REMAND ACTION TO STATE COURT**<br><br>**[ECF No. 3.]** |

On January 3, 2019, Plaintiff Magnum Property Investments, LLC ("Plaintiff") filed an ex parte application to remand this unlawful detainer action to the Superior Court of the State of California, San Diego County. On January 9, 2019, pro se Defendant Marshall Pfeiffer ("Defendant") filed an objection. Based on the following, the Court concludes it does not have subject matter jurisdiction over this action. Accordingly, the Court **GRANTS** Plaintiff's ex parte application and **REMANDS** the action to state court

### I. Background

On December 6, 2018, Plaintiff filed an unlawful-detainer action against Defendant in State Court. On December 20, 2018, Defendant filed a Notice of Removal of the unlawful-detainer action, alleging that the Court has subject matter jurisdiction over it under 28 U.S.C. § 1331, § 1332(a), and 12 U.S.C. § 2605(e) (outlining the duty of

1

loan servers to respond to borrower inquiries). (ECF No. 1-1). Defendant also alleged federal jurisdiction over the unlawful-detainer action by virtue of the related action before this Court (Case No. 3:18-CV-2551-GPC-JLB). (ECF No. 1, at 4).

On January 3, 2019, Plaintiff filed its ex parte application to remand this case to state court for lack of subject matter jurisdiction. (ECF No. 3-1). Plaintiff points out that there is no federal question raised in its complaint, and that Defendant's anticipated federal defense cannot support removal of the action. (ECF No. 3, at 2). It further alleges a lack of diversity of citizenship and an insufficient amount in controversy.

On January 9, 2019, Defendant filed an opposition arguing that this case presents a federal question because the paid amounts by Plaintiff in the underlying foreclosure sale provides evidence of a Fraudulent Interstate Transaction, presumably in violation of 15 U.S.C. § 77q.[1] (ECF No. 5, at 3). With respect to diversity jurisdiction, Defendant argues the amount in controversy as $629,000, the alleged value of the property sold at the trustee's foreclosure. (ECF No. 1-2, at 24.) Defendant also asserts the parties are diverse and alleges Plaintiff is a Delaware corporation. Furthermore, Defendant asserts this action must be removed to this Court because it is directly related to a pending action over which this Court already has subject-matter jurisdiction, i.e., Case No. 3:18-CV-2551-GPC-JLB.

**II. Legal Standard**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Removal is only proper when a case originally filed in state court presents a federal question or is between citizens of different state and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Courts "strictly construe the removal statute against removal jurisdiction," and the defendant always has the burden of

---

[1] Although Plaintiff did not specify the applicable federal statute, the Court notes that the most likely culprit is 15 U.S.C. § 77q.

establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus*, 980 F.2d at 566.

### A. Federal Question

The "well-pleaded complaint rule" governs federal question jurisdiction: federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "presence of a federal defense . . . does not constitute an essential element of Plaintiffs' well-pleaded complaint." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."). Similarly, counterclaims, whether actually asserted in a state court action or anticipated in a complaint, cannot form the basis of § 1331 jurisdiction. *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.").

### B. Diversity Jurisdiction

Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined by the district court on the face of the pleadings. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). In unlawful detainer actions, "California courts have noted that 'the right to possession alone [is] involved,' – not title to the property." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Id*. As relevant here, Section 1332(c)(1) provides that a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

## III. Discussion

### A. Federal Question

There is no grounds for federal question jurisdiction. To wit, Plaintiff's complaint states a single claim for unlawful detainer under California law. (ECF No. 5, at 10). Unlawful detainer actions do not present a federal question. *All Mission Indian Hous. Auth. v. Magante*, 526 F. Supp. 2d 1112, 1114 (S.D. Cal. 2007). Thus, Plaintiff does not assert a right to relief under that "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. at 28, 103 S. Ct. 2841. Furthermore, Plaintiff does not allege any facts supplying federal question jurisdiction and could not have brought this unlawful detainer action before this Court. *Caterpillar*, 482 U.S. at 392 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Although Defendant's Notice of Removal asserts that Plaintiff is liable for committing a Fraudulent Interstate Transaction pursuant to 15 U.S.C. § 77q, that anticipated defense, or counterclaim, cannot keep Defendant in federal court. Even if his Section 77q claim is supported, it cannot confer federal question jurisdiction over the instant action per the well-pleaded complaint rule. *See K2 Am. Corp*. at 1029.

### B. Diversity Jurisdiction

Nor is diversity jurisdiction applicable. First, the amount in controversy here does not exceed $75,000. Where, as here, Plaintiff seeks cumulative damages based on the reasonable daily value of possession, courts calculate the amount in controversy based on cumulative possession thus far. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011); *accord U.S. Bank Nat'l Ass'n v. Fine,* No. 216CV06643CASKSX, 2016 WL 6405840, at *2 (C.D. Cal. Oct. 27, 2016). Plaintiff seeks incurred costs and holdover damages at the daily fair market value, calculated at $50 per day from the expiration of the Notice to Quit on November 27, 2018. (ECF. No.

5 at 12). In the approximately 71 days between November 27, 2018 and now, the cumulative amount in controversy is roughly $3,550.

Defendant's assertion that the amount in controversy is $629,000 is based on the value of the deed of the property at issue, and therefore premised on an incorrect understanding of the law. Indeed it is "the amount of damages sought in the complaint, not the value of the subject real property [that] determine the amount in controversy." *U.S. Bank Nat'l Ass'n*, 2016 WL 6405840, at *2.

In addition, diversity of citizenship is not satisfied. Plaintiff' indicates that its primary place of business and residence is in California[2] and Defendant is a citizen of California. Accordingly, this Court lacks diversity jurisdiction.

**C. Supplemental Jurisdiction**

Although this Court has jurisdiction over the federal claims alleged in the related matter, the existence of that other action does not support supplemental jurisdiction over this unlawful detainer action. A related case pending in federal court is not sufficient grounds for removal under 28 U.S.C. § 1441. *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir.1972); *see Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010) (jurisdiction in a related case did not support court's exercise of supplemental jurisdiction of unlawful detainer action).

**IV. Conclusion and Order**

For the foregoing reasons, Defendant has failed to meet his burden of demonstrating that Plaintiff's action belongs in federal court. The Court concludes that it lacks federal jurisdiction over this case and accordingly **GRANTS** Plaintiff's ex parte application and **REMANDS** the matter to the San Diego County Superior Court.

**IT IS SO ORDERED.**

---

[2] Plaintiff asserts its primary place of business is California. Defendant has not shown otherwise.

Dated: February 6, 2019

Hon. Gonzalo P. Curiel
United States District Judge